UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MITRA HATEFI, | No. 2:10-cv-01332-MCE-DAD |
| Plaintiff, | |
| v. | ORDER |
| WELLS FARGO BANK, N.A.; WACHOVIA BANK, FESB; WACHOVIA MORTGAGE F/K/A WORLD SAVINGS BANK FSB; CAL-WESTERN RECONVEYANCE CORPORATION; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., | |
| Defendants. | |

----oo0oo----

This action arises out of a mortgage loan transaction in which Plaintiff Mitra Hatefi ("Plaintiff") financed her home in December 2005.  Presently before the Court is a Motion by Defendant Wachovia Mortgage, sued as "Wells Fargo Bank, N.A.," "Wachovia Bank, FSB," and "Wachovia Mortgage f/k/a World Savings Bank, FSB" ("Defendant") to Dismiss Plaintiff's Complaint in its entirety for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff has failed to timely file an opposition.

1

1    For the reasons set forth below, Defendant's Motion to
2 Dismiss is granted.
3    First, pursuant to Local Rule 230(c), opposition to a motion
4 must be filed not less than fourteen (14) days prior to the date
5 of the hearing.  The date of the hearing on motion was set for
6 July 8, 2010.  Fourteen (14) days prior to the hearing was
7 June 24, 2010.  No opposition was filed as required.
8    Nonetheless, Plaintiff's federal claims fail as a matter of
9 law.  The statute of limitations has run on any cognizable claims
10 under the Truth-in-Lending Act ("TILA") or Home Ownership and
11 Equity Protection Act ("HOEPA") as Plaintiff entered her loan in
12 2005 and the maximum statute of limitations available is for
13 three years following execution of the loan.  See 15 U.S.C.
14 §§ 1635(f), 1640(e).  To the extent that Plaintiff alleges
15 violation of the Real Estate Settlement Procedures Act ("RESPA"),
16 12 U.S.C. § 2605, for failure to notify her of transfer of
17 servicer, Plaintiff has failed to allege actual damages, or a
18 pattern or practice of noncompliance, as required for relief
19 under RESPA.  See 12 U.S.C. § 2605(f).  Finally, Plaintiff's Fair
20 Debt Collection Practices Act ("FDCPA") is legally insufficient
21 because a mortgage does not qualify as a debt under the FDCPA.
22 See Izenberg v. ETS Servs., LLC, 589 F. Supp. 2d 1193, 1199
23 (C.D.Cal.2008); Diessner v. Mortgage Electronic Registration
24 Systems, 618 F. Supp. 2d 1184, 1188-89 (D. Ariz. 2009); Landayan
25 v. Washington Mutual Bank, 2009 WL 3047238, at *3 (N.D. Cal.
26 Sept. 18, 2009).
27 ///
28 ///

1   With no viable federal claim alleged, the Court declines to
2 exercise pendant jurisdiction over Plaintiff's remaining state
3 law claims.
4   Accordingly, Defendant's Motion to Dismiss (Docket No. 6) is
5 GRANTED with leave to amend.[1]
6   Plaintiff may file an amended complaint not later than
7 twenty (20) days after the date this Memorandum and Order is
8 filed electronically.  If no amended complaint is filed within
9 said twenty (20)-day period, without further notice, Plaintiff's
10 claims will be dismissed without leave to amend.
11   IT IS SO ORDERED.

Dated: July 23, 2010

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

---

[1] Because oral argument will not be of material assistance, the Court deemed this matter suitable for decision without oral argument.  Local Rule 230 (g).

3